IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09-00183-01-CR-W-HFS |
| MICHAEL D. McCULLOUGH, | ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On June 2, 2009, a two-count indictment was returned charging the defendant with receipt and possession of child pornography. Counsel for defendant filed a Motion for Determination of Competency (doc #13) asking for a judicial determination of defendant's mental competency pursuant to 18 U.S.C. § 4241. Counsel asked that the Court order a psychiatric or psychological examination of defendant and that a report be filed with the Court relating to defendant's ability to understand the proceedings against him and assist in his defense.

Based upon the information presented in the motion, the Court committed the defendant to a United States Medical Center for Federal Prisoners to undergo a psychiatric or psychological examination. On September 17, 2009, the Court held a hearing on the Motion for Determination of Competency. The parties stipulated to the Forensic Report of September 3, 2009, prepared by Ron Nieberding, Ph.D., Clinical Psychologist at the Metropolitan Correctional Center, Chicago, Illinois. The examiner diagnosed the defendant with Depressive Disorder Not Otherwise Specified and Personality Disorder Not Otherwise Specified with Dependent and Antisocial features. (Report at 9) Despite these findings, the examiner concluded:

... Despite the presence of cognitive and interpersonal limitations, the defendant

appeared to possess a reasonable factual and rational understanding of the issues related to the process of adjudication, based on the results of the current evaluation. Mr. McCullough also appeared to possess the capacity to adequately assist his attorney. He clearly viewed his interactions with counsel in a positive light, he views his attorney as an advocate, and was able to identify a reasonable strategy for addressing disagreements, should they arise with his attorney.

In summary, based on the current evaluation, the defendant did not demonstrate significant deficits in his factual or rational understanding of the process of criminal adjudication, and appeared capable of assisting counsel, at the present time.

(Report at 10-11)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Michael D. McCullough is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his own defense and that he is competent to stand trial.

Counsel are reminded they have ten days from the date of the receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

                                                    */s/ Sarah W. Hays*
                                                    SARAH W. HAYS
                              UNITED STATES MAGISTRATE JUDGE